E-FILED
Monday, 11 May, 2026 12:20:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HUBERT PUTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:25-cv-04216-SEM-DJQ |
| | ) | |
| CURTIS PARSONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Facility, proceeds in forma pauperis on the grounds of indigency. He is paying a reduced filing fee as determined under the Court's procedure to address filing fees for impoverished civil detainees.

Courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the operative Complaint before directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Security Therapy Aides Curtis Parsons, Jason Chenoweth, Downs, Michael Kerr, Joshua Cleavinger, Hendricks, and Does, and Assistant Program Director Erin Posey.

Plaintiff alleges that on October 2, 2025, another civil detainee became physically violent with him, and that Plaintiff had to use force to defend himself. Defendants detained Plaintiff in a separate area. Defendants (aside from Posey) then struck Plaintiff repeatedly, without any justification, causing significant injuries to Plaintiff. They also used chemical agents on Plaintiff without any reason. Shortly before the attack on Plaintiff began, at least one Defendant stated that the beating had been ordered by Posey.

Nurse Hocksack (not a Defendant) came to check on Plaintiff and indicated she intended to call for emergency transport to a

hospital emergency room. An unknown individual told Hocksack not to do so and that security staff would transport Plaintiff instead. Security staff then transported Plaintiff to a hospital where he was treated.

Plaintiff states a claim for excessive use of force against the named Defendants. *See Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015).

Regarding denial of medical care, Plaintiff alleges security staff transported Plaintiff to the hospital instead of using an ambulance. There are no allegations that treatment was delayed, denied, or improper based on the transportation decision. These allegations do not state a claim for constitutionally inadequate medical care.

Plaintiff also pursues a class-of-one equal protection claim. But courts have been cautioned not to proceed that way when another constitutional provision more clearly applies. *Thayer v. Chiczewski,* 705 F.3d 237, 255 (7th Cir. 2012). Here, the Fourteenth Amendment's prohibition on the excessive use of force is the more correct constitutional cause of action.

Plaintiff also seeks to pursue a claim for intentional infliction of emotional distress under Illinois law. He has adequately alleged

that cause of action as to each of the named Defendants. *See*

*McGreal v. Village of Orland Park*, 850 F.3d 308, 314 (7th Cir.

2017).

IT IS THEREFORE ORDERED:

1. **Pursuant to its review, the Court finds that Plaintiff states a claim for excessive use of force and a claim for intentional infliction of emotional distress against Defendants Parsons, Jason Chenoweth, Downs, Michael Kerr, Joshua Cleavinger, Hendricks, Does, and Erin Posey. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion and for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

2. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom**

that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling

order, which will explain the discovery process in more detail.

7. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

8. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

9. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 11th day of May, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE